IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

SHERATON JEROME SMITH,         *
#211 796
    Plaintiff,                  *

       v.                       *       2:06-CV-1102-WKW
                                                   (WO)
OFFICER TEW, COI,              *

    Defendant.                  *
_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which Plaintiff, Sheraton Smith ["Smith"], a state inmate incarcerated at the Easterling Correctional Facility, challenges actions taken against him by Correctional Officer Tew. Based on the conduct complained of, Smith requests that Officer Tew be made to "work outside the prison." Upon review of the complaint, the court concludes that dismissal of Smith's complaint prior to service of process is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

Smith complains that on the afternoon of December 5, 2006, Officer Tew intentionally failed to bring him his store order despite handing out other inmates' store orders. Smith

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

further appears to complain that Officer Tew refused to tell him why he didn't receive his store order and proceeded to tell co-workers that he would give Smith his "order after [his] order deadline." (Doc. No. 1.)

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). Here, Smith's contention that Officer Tew violated his constitutional rights when he "disrupt[ed] store order" and "refus[ed] to work" is without legal basis in this § 1983 action. Whatever attributes can be ascribed to Officer Tew's conduct with regards to the allegations made in the instant complaint, without more, they cannot be elevated to the level of constitutional magnitude. Thus, Officer Tew's actions, as described herein, provide no basis for relief under § 1983.

In light of the foregoing, the court concludes that Smith's challenge to Officer Tew's conduct on December 5, 2006 is frivolous as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such claim is, therefore, subject to dismissal prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before March 7, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of February 2007.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE